UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-294 (PJS/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT VAUGHN EVANS,<br>a/k/a Terry Lykens,<br>a/k/a Terry Lynn Kincaid,<br><br>　　　　　Defendant. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENT** |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Laura M. Provinzino, Assistant United States Attorney, hereby provides this response to the defendant's motion to suppress statement (Doc. No. 21) and post-motions hearing memorandum in support of the motion to suppress statement (Doc. No. 28).

Robert Evans claims that, while in police custody, he did not receive a complete *Miranda* warning, that he did not knowingly and voluntarily waive those rights, and any statement made was involuntary. The record does not show that to be the case. Evans properly received his *Miranda* warning, and confirmed he understood his rights.[1] During the recorded interview, Evans made an ambiguous and equivocal request for an attorney that offered officers alternative methods of proceeding.[2] After this statement, the officers did not ask Evans questions "the police should know are reasonably likely to elicit an incriminating

---

[1] Near Minute 4.
[2] Near Minute 14.

response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980). Instead, Evans repeatedly reinitiated conversation about the investigation while the officers attempted to pursue the feasibility of his alternative suggestion.[3] When the officers determined that Evans's requested alternative was unavailable, the officers ceased recording and ended the interview.[4]

The Court should reject Evans's motion on three grounds. First, Evans did not make an unequivocal request for an attorney. Second, Evans waived his *Miranda* rights. Third, Evans repeatedly initiated conversation regarding the investigation after allegedly requesting an attorney.

I. **EVANS MADE AN AMBIGUOUS AND EQUIVOCAL REQUEST**

After *Miranda* warnings are given, if the suspect unequivocally requests an attorney before proceeding, the interrogation must cease. *Maryland v. Shatzer*, 559 U.S. 98, 104 (2010). "If the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him." *Davis v. United States*, 512 U.S. 452, 461–62, 114 S. Ct. 2350, 2356, 129 L. Ed. 2d 362 (1994). *See also United States v. Cloud*, 594 F.3d 1042, 1046 (8th Cir. 2010) ("When Cloud was asked directly if he wanted to speak with an attorney, his responses were ambiguous: 'Yeah. Probably,' and 'No, I just want to get my money and leave.'").

---

[3] Near Minutes 22, 41, and 56.
[4] Near Minute 60.

Evans's request for an attorney was ambiguous and equivocal by asking for an attorney *unless* the officers could get him into the Mt. Olive Correctional Complex (MOCC). The word "equivocal" is defined as "subject to two or more interpretations and usually used to mislead or confuse." Merriam-Webster Online Dictionary. https://www.merriam-webster.com/dictionary/equivocal (30 Jan. 2020). Evans's statement offers officers the option to proceed without an attorney present which creates the precise ambiguous situation to which *Davis* declined to extend. 512 U.S. at 461–62. It is not the officers' responsibility to clarify what the suspect is asking for. *Id*.

Evans made an equivocal request for an attorney that was contingent upon officers working out a separate arrangement. Despite the equivocal request, the officers, in an abundance of caution, ceased asking questions regarding the events that led to Evans's arrest, in order to understand Evans's request. At that point, officers pursued that alternative request and ceased asking questions that "the police should know are reasonably likely to elicit an incriminating response from the suspect." *Innis*, 446 U.S. at 300–01.

## II. EVANS WAIVED HIS *MIRANDA* RIGHTS

The recording should not be suppressed as Evans was advised of his *Miranda* rights and voluntarily, knowingly, and intelligently waived them by continuing conversation with the officers during his interrogation. "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is

made voluntarily, knowingly and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

Whether Evans waived his *Miranda* rights is a two-dimension inquiry. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Evans's waiver was "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Id*. There is no evidence on the record (and certainly none identified by defendant at the motions hearing or in his post-motions hearing filing) or other allegation that the offers somehow intimidated, coerced, or deceived Evans during or preceding the interview. Evans's waiver was also "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id*. Evans stated in the recording that he understood his *Miranda* rights,[5] knew the interview was being recorded,[6] and agreed to speak with officers without an attorney present if they could accommodate his request of being placed at MOCC.[7] As the officers paused questioning in an attempt to arrange this accommodation, Evans continued to speak with the officers, knowing that he did not have to speak and that anything he said was picked up by the recording device.

---

[5] Near Minute 4.
[6] Near Minute 5.
[7] Near Minute 14. Specifically, at about 13:25 into the recording, Evans stated, "Listen. I don't think it is a good idea to sit here and hang myself in front of you guys 'cause that's want you want me to do. . . . I realize now. . . I have been through this enough to know that you are not my friends . . . you are not here to help me at all . . . I would like to have an attorney before I answer more questions . . . unless . . . here's the only way that this will work out . . . if I can go back to Mount Olive and we can do all the court stuff over TV."

## III. EVANS REPEATEDLY INITIATED CONVERSATION

Evans repeatedly initiated conversation about the investigation with the officers throughout the recorded interrogation after his alleged request for an attorney. "A defendant 'initiates' an interrogation if he or she evince[s] a willingness and a desire for a generalized discussion about the investigation." *Owens v. Bowersox*, 290 F.3d 960, 963 (8th Cir. 2002) (quoting *Oregon v. Bradshaw*, 462 U.S. 1039, 1045–46 (1983)). "…[T]he respondent's question in this case as to what was going to happen to him evinced a willingness and a desire for a generalized discussion about the investigation." *Bradshaw*, 462 U.S. at 1045–46. *See also Edwards v. Arizona*, 451 U.S. 477, 485 (1981).

Near the 22-minute mark, Evans's reinitiates discussion of the investigation by asking "What are the chances this'll happen?" Again, near the 41-minute mark, Evans reformulates his "offer" and again presses the officers to reinitiate discussion of the investigation. Near the 56-minute mark, Evans again reinitiates conversation about the investigation with the officers. These are not the "routine" questions and comments that *Bradshaw* explained do not constitute reinitiation of the conversation by defendant. 462 U.S. at 1046. Despite the multiple opportunities for further substantive, interrogatory questions under the *Bradshaw* standard, officers did not ask any questions that "the police should know are reasonably likely to elicit an incriminating response from the suspect." *Innis*, 446 U.S. at 300–01.

## IV. CONCLUSION

Evans validly waived his *Miranda* rights by continuing to speak with the officers after making an ineffective and ambiguous request for counsel. His pattern of initiating

conversation after making his ineffective request does not demonstrate a pattern of prohibited police interrogatory misconduct. As none of Evans's statements were elicited from prohibited police conduct, the recording and Evans's accompanying statements should not be suppressed.[8]

Dated: February 4, 2020

                                        Respectfully Submitted,

                                        ERICA H. MacDONALD
                                        United States Attorney

                                        *s/Laura M. Provinzino*
                                        BY: LAURA M. PROVINZINO
                                        Assistant United States Attorney
                                        Attorney ID No. 0329691

---

[8] After the motions hearing and additional information was provided to defense counsel, it appears that Evans has withdrawn his constitutional challenge to the photo line-up at issue in Government Exhibits 2 and 3. Given that it is now moot, the government will not address that motion (Doc. No. 24) here.